Contingency attorney fee contracts of 20% to 25% are conventional in workers' compensation cases, and, by custom and policy, the Commission approves fees of 20% of indemnity (cash) compensation awarded due to routine settlements, and 25% as a matter of course in cases that go to hearing, or are (as here) actually contested at some stage, or are more involved than typical settlements for other reasons. Plaintiff's counsel, Mr. Morris, was originally awarded a 25% contingency fee by the Deputy Commissioner. After objection by the plaintiff, and in the absence of the written fee agreement specified by N.C. Gen. Stat. § 97-90(c) to trigger the presumption in that statute, the Deputy Commissioner set aside the order approving the 25% contingency fee, and awarded a quantum meruit
fee of $10,027.42 to Mr. Morris — the equivalent of 20% of compensation award — in his order filed May 31, 1995. The Deputy Commissioner did not award separately out-of-pocket costs of $1,547.36 Mr. Morris states he incurred in his affidavit. Plaintiff appealed the latter order, but Mr. Morris did not. Since he did not appeal the second order, the undersigned do not consider approval of the full 25% Mr. Morris argues was specified in a mislaid written contract, nor the refund of his expenses.
Mr. Morris represented the plaintiff for well over a year. He spent 232.55 hours prosecuting claims arising from an automobile accident, an assault (the workplace injury giving rise to this claim), and a social security claim. These matters had to be handled together because all involved plaintiff's physical condition and disability. Questions concerning other causes of her physical condition made the compensation claim less certain, and thus special skill and diligence were required to achieve success. As plaintiff herself states in arguments submitted to the Deputy Commissioner, her counsel used the same body of information in dealing with all her cases. In the Form 18 plaintiff filed with the Commission in April of 1992, she described her on-the-job injury as resulting in exacerbated fibromyalgia; knotted muscles in her back, neck, and shoulders; strained neck; possible partial shoulder dislocation; lower back pain; and, related severe headaches. When Mr. Morris undertook the case, the defendant was contending that plaintiff could return to gainful employment. The settlement was announced when the Deputy Commissioner called the matter for hearing. There was a risk that Mr. Morris would receive no fee at all, as he was not entitled to receive any fee until the successful conclusion of the case. He has still not received the use of his fee, which is being held in trust. The time and skill employed on plaintiff's behalf were pertinent to the outcome.
Mr. Morris was also successful in the social security claim, and plaintiff was awarded benefits for permanent and total disability.
In light of the time expended, services rendered, the amount in controversy, the results achieved, and the customary fee for similar services, the reasonable value of Mr. Morris' services rendered to plaintiff in this claim was $10,027.42.
It is noted that plaintiff discharged counsel immediately after he secured the workers' compensation award, but apparently prior to notifying the Social Security Administration (whose disability records office for this region is in Baltimore) of the attorney fee. (This is plainly what Mr. Morris was referring to in the taped telephone message plaintiff provided to the Commission.) The Administration excludes from their "offset" (reduction) of Social Security Disability Insurance benefits the portion of compensation benefits that are paid to the claimants' attorney. Thus plaintiff should bring this Order to their attention to avoid a reduction in her net benefits.
Consequently, it is ORDERED that the subject Order of May 31, 1995 approving Mr. Morris' receipt of $10,027.42 in attorney fees is AFFIRMED.
No additional costs are assessed.
 S/ ________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
JRW/jss/md